**Bassam Yusuf KHOURY; et al., Plaintiffs–Appellees,**

v.

**Nathalie ASHER, Field Office Director, ICE; et al., Defendants–Appellants.**

No. 14-35482

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2015 Seattle, Washington

Filed August 4, 2016

Matt Adams, Attorney, Christopher Strawn, Attorney, Northwest Immigrant Rights Project, Seattle, WA, Robert Pauw, Gibbs Houston Pauw, Seattle, WA, Judy Rabinovitz, Attorney, ACLU Immigrants' Rights Project, New York, NY, Michael K.T. Tan, ACLU–American Civil Liberties Union Foundation, New York, NY, Devin T. Theriot-Orr, Attorney, Sunbird Law, PLLC, Seattle, WA, for Plaintiffs–Appellees Bassam Yusuf Khoury, Alvin Rodriguez Moya, Pablo Carrera Zavala

Timothy Michael Belsan, Trial Attorney, Hans Harris Chen, Leon Fresco, Esquire, Lori Warlick, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Defendants–Appellants Nathalie Asher, Lowell Clark, Juan P. Osuna, Loretta E. Lynch, Janet Napolitano, United States of America, John Sandweg

Alina Das, Washington Square Legal Services, Inc., New York, NY, for Amicus Curiae Detention Watch Network, Families for Freedom, Florence Immigrant and Refugee Rights Project, Immigrant Defense Project, Immigrant Legal Resource Center, Immigration Equality, Lawyers' Committee for Civil Rights of the San Francisco Bay Area

Rebecca A. Sharpless, University of Miami School of Law, Coral Gables, FL, for Amicus Curiae Professors of Immigration and Constitutional Law

Before: KLEINFELD, NGUYEN, and FRIEDLAND, Circuit Judges.

MEMORANDUM *

Defendants appeal from the district court's order certifying a class of alien detainees and declaring that the class was entitled to bond hearings. The class comprised aliens who were subjected to mandatory detention under 8 U.S.C. § 1226(c) even though they were not detained immediately upon their release from criminal custody. In granting class certification and declaratory relief, the district court concluded that § 1226(c) applies only to aliens who are detained immediately upon their release from criminal custody. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The plain language of § 1226(c) makes clear that mandatory detention applies only to those aliens detained "when [they are] released" from criminal custody. *See Preap v. Johnson*, slip op. at ——. Because the phrase "when … released" conveys a degree of immediacy, "§ 1226(c) applies only to those criminal noncitizens who are detained promptly after their release from criminal custody, not to those detained long after." *Id.* at ——. We disagree with the government's arguments under *United States v. Montalvo–Murillo*, 495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990), that it should nonetheless be allowed to hold without bond aliens whose detention is untimely under § 1226(c). *Montalvo–Murillo* is distinguishable. *See Preap v. Johnson*, slip op. at ——.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.